AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO OBTAIN LOCATION DATA CONCERNING A CELLULAR TELEPHONE ASSIGNED CALL NUMBER (956) 436-2437 | ) ) ) ) ) ) Case No. 2:22 CM 48 |

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
May 23, 2022
OFFICE OF THE CLERK

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Distribution, Possession With Intent to Distribute Controlled Substances (methamphetamine) |
| 21 U.S.C. 846 | Conspiracy |

The application is based on these facts:

See Attached Affidavit of DEA SA Andrew Chronister.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.
**30 days is intended to be from the termination of the collection of data.

ANDREW CHRONISTER  Digitally signed by ANDREW CHRONISTER
Date: 2022.05.23 14:01:13 -05'00'

*Applicant's signature*

DEA SA Andrew Chronister
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/23/22

City and state: Fort Smith, Arkansas

*Judge's signature*

Hon. Mark E. Ford, U.S. Magistrate Judge
*Printed name and title*

## **ATTACHMENT A**

### **Property to Be Searched**

1. The cellular telephone assigned call number **(956) 436-2437**, with listed subscriber(s) Prepaid Customer (the "Target Cell Phone"), whose wireless service provider is **AT&T**, a company headquartered at 11760 U.S. Highway 1, Suite 600 North Palm Beach, FL 33408.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of **AT&T**.

## ATTACHMENT B

### Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **AT&T**, **AT&T** is required to disclose the Location Information to the government. In addition, **AT&T** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **AT&T**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **AT&T**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **AT&T** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that will assist in monitoring the location of **Ivan LUJAN**, who is wanted on an Indictment for viola**tions of Title 21 U.S.C. 841(a)(1) and 846**.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(956) 436-2437** | **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, **Andrew Chronister**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c) (1) (A) for information about the location of the cellular telephone assigned call number **(956) 436-2437** with listed subscriber(s) Prepaid Customer (the "Target Cell Phone" or "Target Telephone"), whose service provider is **AT&T**, a wireless telephone service provider headquartered at 11760 U.S. Highway 1, Suite 600 North Palm Beach, FL 33408. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b) (1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA), and has been employed in this capacity since April 2018. I am currently assigned as a Special Agent to

the Fort Smith Post of Duty Office in Fort Smith, Arkansas. Before being employed with the DEA, I was employed by the Kansas City, Kansas Police Department from December 2012, to April of 2018.

4. During my employment with the DEA and Kansas City, Kansas Police Department, I have had formal training and experience in the investigation of controlled substances and I am familiar with the manner in which controlled substances, including marijuana, cocaine, methamphetamine, and other controlled substances, are packaged, distributed, consumed and how they are identified. I have participated in executing numerous arrests and search warrants for violations involving such substances. In the course of my employment, I have become familiar with the ordinary meaning of controlled substances slang and jargon, and I am familiar with the manners and techniques of traffickers who distribute controlled substances. I have also received training from experienced DEA Special Agents and other narcotics officers in the investigation of major drug traffickers.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that **Ivan Guadalupe LUJAN ("LUJAN")** has participated in a **conspiracy to distribute methamphetamine in violation of Title 21 U.S.C. 841 (a)(1), all in violation of Title 21 U.S.C. 846. LUJAN** is currently under federal indictment for these crimes.

## PROBABLE CAUSE

7. The United States, including the **DEA and FBI**, are conducting a criminal

investigation of Ivan LUJAN, the user of the Target Cell Phone, and others known and unknown regarding violations of conspiracy to distribute methamphetamine in violation of Title 21 U.S.C. § 841(a)(1), all in violation of Title 21 U.S.C. § 846.

8. On October 25, 2021 the Hon. P.K. Holmes III, United States District Judge for the Western District of Arkansas, authorized the interception of wire communication to and from telephone number 479-774-2602, which was utilized by Victor Leon-Moya.[1] Interception of the Leon-Moya telephone began on October 26, 2021.

9. On October 31, 2021, at approximately 4:28 pm, a telephone call was intercepted between Leon-Moya on the target telephone and the then-unknown, Spanish-speaking user of 956-436-2437 (the target cell phone here), who was later identified as Ivan Lujan, the user of the target telephone subject to this application. In this and subsequent intercepted communications, Lujan and Leon-Moya discussed Lujan's arrival in Leon-Moya's location in the coming hours.

10. On November 1, 2021, at approximately 1:41 am, surveillance was in place on Leon-Moya at a restaurant in Conway, Arkansas, which is attached to a hotel. At that time, investigators observed as a black Ram pickup truck bearing Texas license tags returning to an address in Laredo, Texas arrive and park in the lot. Leon-Moya made contact with the driver and they spoke in the parking lot with each other for several minutes, then made their way to the front desk of the hotel, where it appeared the driver of the black Ram pickup obtained a room. At approximately 2:03 am, the driver of the black Ram pickup returned to his vehicle and drove it to the rear of the hotel. Leon-Moya also left in his own vehicle; however, he went in a separate direction from the Ram and investigators chose to maintain surveillance on the Ram and not follow Leon-Moya. At approximately 2:15 am, the driver of the black Ram pickup exited his

---

[1] WDAR Case No. 2:21 CM 95.

vehicle carrying two large duffel bags and entered the hotel. Surveillance was terminated at that time, but spot check surveillance at 10:05 am on November 1, 2021 demonstrated that the black Ram pickup had not moved. I believe based on my training, experience, and knowledge of this investigation that the driver of the black Ram pickup truck was Lujan, who was not yet identified, and that Lujan brought Leon-Moya a resupply of methamphetamine.

11. Throughout the day on November 1, 2021, telephone calls and text messages were intercepted from Leon-Moya in which it was apparent that Leon-Moya was collecting money because an individual had arrived the previous evening and was in the area to take the money. I believe based on the events that followed that this individual was Lujan. Leon-Moya traveled to Clarksville, Arkansas, where he met with members of the drug trafficking organization, then returned to Conway, where surveillance in place at the hotel/restaurant in Conway noted that Leon-Moya arrived back there at approximately 4:01 pm. Leon-Moya, instead of going to the restaurant, drove behind the hotel and entered room 233 on the second level. Leon-Moya remained inside for approximately 15 minutes and then returned to his vehicle and left the area.

12. At approximately 4:16 pm, Lujan, still unidentified at this point, exited his room carrying a small bag, not the duffel bags from the previous evening, and returned to his vehicle, the black Ram pickup. The Ram pickup left the area and headed east on I-40 until it intersected with I-430 near Little Rock, when the Ram headed south on I-430.

13. In Saline County, Arkansas, at approximately 5:20 pm, a Trooper with the Arkansas State Police conducted a traffic stop on the Ram for a traffic violation. The driver was identified as Ivan Lujan, a resident of Laredo, Texas. Consent to search of the vehicle was given to the Trooper by Lujan. A search of the vehicle was conducted and approximately $29,000 in $100 bills was located. Noticeably absent from the search of the vehicle were the two large

duffel bags which investigators observed Lujan holding at approximately 2:05 am when he entered his room at the hotel in Conway, Arkansas. Lujan was issued his Miranda warnings and told the Trooper that the $29,000 was in his possession to purchase a semi-truck and trailer in Arkansas. The $29,000 was seized by ASP and turned over to the DEA via the Affiant, who began an administrative forfeiture of the funds based on the probable cause recited herein.

14. Later in the evening, at approximately 11:47 pm, a telephone call was intercepted on the Leon-Moya telephone between Leon-Moya and Lujan, who was using the target telephone. In this call, Leon-Moya and Lujan discussed the seizure of the money, with Lujan detailing to Leon-Moya that he fabricated a story about the money being to buy trucking equipment.

15. Based upon my training, experience, and knowledge of this and similar investigations, I believe the series of events from approximately 4:30 pm on October 31, 2021 through approximately 6:30 pm on November 1, 2021 represent Lujan traveling from his location in Laredo, Texas to Leon-Moya's location in Conway, Arkansas in order to provide Leon-Moya with a supply of methamphetamine, likely in the two large duffel bags observed in Lujan's possession at approximately 2:05 am on November 1, 2021. I believe Lujan remained in Conway until such time as Leon-Moya met again with Lujan and provided him with a payment for the methamphetamine, likely the $29,400 in Lujan's possession during the traffic stop at approximately 5:20 pm the same day.

16. On April 20, 2022 a Federal Grand Jury seated in the Western District of Arkansas issued a True Bill Indictment for Lujan, Leon-Moya, and others based on their participation in a conspiracy to distribute methamphetamine in violation of 21 U.S.C.

§ § 841(a)(1) & 846.[2] Based on this Indictment, an warrant has been issued and is currently active commanding the arrest of Lujan. Lujan is presently a fugitive from justice. Leon-Moya was arrested pursuant to the same Indictment on April 25, 2022.

17.     On May 18, 2022 an interview of one of LUJAN's co-conspirators was conducted by Agents of the DEA. That co-conspirator provided the target cell phone number, the same telephone number Lujan used in November of 2021, described above, as the active phone number for Lujan.

18.     An administrative subpoena was issued for the recent toll records for the target cell phone and the tolls show that Lujan, using the target cell phone, remained in contact with co-conspirator Victor Leon-Moya. Between March 22, 2022 and April 25, 2022, the date of Leon-Moya's arrest, the target phone was in contact with Leon-Moya on 129 occasions. In addition, since Leon-Moya's arrest, Lujan, utilizing the target cell phone, last attempted contact with Leon-Moya on May 17, 2022. Thus, it is my belief that Lujan is utilizing the target cell phone and its location is necessary so that Lujan may be located and arrested.

19.     In my training and experience, I have learned that **AT&T** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several

---

[2] WDAR Case No. 2:22 CR 20008-001-012.

of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

20. Based on my training and experience, I know that **AT&T** can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on **AT&T**'s network or with such other reference points as may be reasonably available.

21. Based on my training and experience, I know that **AT&T** can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as **AT&T** typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

22. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

23. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a (b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a (b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a (b)(2).

24. I further request that the Court direct **AT&T** to disclose to the government any information described in Attachment B that is within the possession, custody, or control of **AT&T**. I also request that the Court direct **AT&T** to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with **AT&T**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **AT&T**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate **AT&T** for reasonable expenses incurred in furnishing such facilities or assistance.

25. I further request that the Court authorize execution of the warrant at any time of

day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

Respectfully submitted,

ANDREW CHRONISTER  Digitally signed by ANDREW CHRONISTER
Date: 2022.05.23 14:02:38 -05'00'

Andrew D. Chronister
DEA Special Agent

Subscribed and sworn to before me on May 23, 2022

_____
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE